IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Timothy Pratt, | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| Puppchen, Inc., d/b/a National Account | ) | |
| Systems, National Account Systems, LLC, | ) | |
| Suzanne Pederson | ) | |
| and Thomas Underwood, | ) | |
| | ) | |
| Defendants | ) | |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Timothy Pratt is a natural person who resides in the City of Omaha, County of Douglas, State of Nebraska, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Puppchen, Inc., (hereinafter "Defendant Puupchen") is a collection agency operating from an address of 1724 N. 120th Street, Omaha, Nebraska, 68154, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Puppchen has used the trade name "National Account Systems of Omaha" and "NAS Omaha" in its business without disclosing its true name.

7.     Defendant National Account Systems, LLC., (hereinafter "Defendant NAS") is a collection agency operating from an address of 1724 N. 120th Street, Omaha, Nebraska, 68154, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     Defendant Thomas Underwood (hereinafter "Defendant Underwood") is a natural person employed by Defendant NAS as an attorney and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.     Defendant Suzanne Pederson (hereinafter "Defendant Pederson") is a natural person employed by Defendant NAS, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.    On or about June 1, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely medical treatment from Skin Specialists P.C. (hereinafter "Skin Specialists"), a provider of medical services located in Omaha, Nebraska. Plaintiff was indebted to Skin Specialists in the approximate amount of $1,083.00.

11.    Due to financial circumstances beyond his control, Plaintiff fell behind in his payments on this account and it went into default status with the original creditor sometime in October 2010.

12.     Sometime thereafter, the alleged debt was assigned, placed with, or otherwise transferred to Defendant Puppchen for collection from the Plaintiff.

***Initial Collection Attempt By Defendant Puppchen In Violation of the FDCPA***

13.     Sometime on or about January 18, 2011, Plaintiff received a dunning letter from Defendant Puppchen (hereinafter "the January letter") which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     The January letter bears the names "National Account Systems of Omaha" and "NAS Omaha", not the true name of the business, the purpose of which was to collect on said account. The letter states an amount due of $872.98. The letter gives the 30 day validation required by 15 U.S.C. § 1692g, but then goes on to state, under the heading "CREDIT REPORTING NOTIFICATION", that "If the account is not paid in full within 45 days we will be reporting the delinquent account to all major credit bureaus".

**Misleading Use of Business, Company or Organization Name**

15.     The January letter violates the FDCPA because it made false or misleading statements in connection with the attempted collection of said debt, namely the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. The January letter is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, and 1692e(14), amongst others.

**Deceptive Language in Letter**

16.     The January letter is in further violation of the FDCPA because it deceptively implies that even if Plaintiff disputed the debt, Defendant Puppchen would not report the debt as disputed if Plaintiff did not pay Defendant Puppchen $872.98 within 45 days. The January letter is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, 1692e(8), 1692e(10), 1692f, 1692g and 1692g(a)(3), amongst others.

*Second Collection Attempt By Defendant Puppchen In Violation of the FDCPA*

17.     Sometime on or about March 3, 2011, Plaintiff received a dunning letter from Defendant Puppchen (hereinafter "the March letter") which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18.     The March letter bears the names "National Account Systems of Omaha" and "NAS Omaha", not the true name of the business, the purpose of which was to collect on said account. The letter states an amount due of $822.98.

**Misleading Use of Business, Company or Organization Name**

19.     The March letter violates the FDCPA because it made false or misleading statements in connection with the attempted collection of said debt, namely the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. The January letter is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, and 1692e(14), amongst others.

## Unauthorized Practice of Law

20.     Nebraska Court Rules regarding the practice of law state in pertinent part:

> **Nebraska Court Rule § 3-1001**
> The "practice of law," or "to practice law," is the application of legal principles and judgment with regard to the circumstances or objectives of another entity or person which require the knowledge, judgment, and skill of a person trained as a lawyer.
>
> **Nebraska Court Rule § 3-1003**
> No nonlawyer shall engage in the practice of law in Nebraska or in any manner represent that such nonlawyer is authorized or qualified to practice law in Nebraska except as may be authorized by published opinion or court rule.
>
> **Nebraska Court Rule § 3-204**
> Except as provided by this rule, professional organizations shall not practice law.

23.     The March letter has the words "SUIT AUTHORIZATION" placed prominently in bold font and in the center and towards the top of the letter. The letter goes on to state, "We regret to inform you we are further reviewing your account. Our further review may include seeking a suit authorization from our client and may result in a referral to an attorney if a suit authorization occurs."

24.     The aforementioned language falsely and deceptively implies that Defendant Puppchen is able to give legal advice to its "client", to wit, bringing a lawsuit against Plaintiff, and therefore constitutes the unauthorized practice of law in violation of the aforementioned Nebraska Court Rules.

25.    It was an independently false and deceptive practice by Defendant Puppchen to state, suggest or imply that they were in fact authorized to practice law within the State of Nebraska when they were not.

26.    Defendant Puppchen's unauthorized practice of law in Nebraska was also a false and deceptive practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692f, amongst others.

### Threat of Action Not Taken

27.    The March letter further violates the FDCPA in that it implies by the heading "SUIT ATHORIZATION" and the aforementioned language specified in paragraph 23 that a lawsuit would be brought against Plaintiff, when in fact Defendant Puppchen's next action was to send yet another letter to Plaintiff dated September 2, 2011.

28.    The March letter is therefore a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and1692f, amongst others.

### SUMMARY

29.    The March letter is in violation of the FDCPA because Defendant Puppchen used a name, company, or organization name other than the true name of its business, company or organization. The March letter constitutes the unauthorized practice of law or the implication that Defendant Puppchen would engage in the unauthorized practice of law and therefore violates the FDCPA. Finally, the March letter threatens action Defendant Puppchen did not intend to take, also in violation of the FDCPA.

**Defendant NAS Created To Undertake the Business of Defendant Puppchen**

30.   Plaintiff is informed and believes and therefore alleges that Defendant NAS was formed some time in March 2011 by the same principal owner of Defendant Puppchen.

31.   Plaintiff is informed and believes and therefore alleges that the Trade Name "National Account Systems of Omaha" was transferred to Defendant NAS from Defendant Puppchen, some time in August 2011.

~~32.~~   Plaintiff is informed and believes and therefore alleges that the business conducted by both Defendant NAS and Defendant Puppchen is the same and that the employees, office(s) and phone numbers used by Defendant Puppchen and Defendant NAS are the same. Plaintiff further alleges that all accounts of Defendant Puppchen were transferred to Defendant NAS and that Defendant NAS taken over all accounts as well as all liability for Defendant Puppchen.

***Third Collection Attempt By Defendant NAS and Defendant Pederson In***

***Violation of the FDCPA***

33.   Sometime in September 2011, Plaintiff received a dunning letter from Defendant NAS (hereinafter "the September letter") which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34.   The September letter prominently states at the top of the letter "Priority Letter" in bold type. It further states, "We have received approval from our client for legal

action against you. You have 15 days to call our office to set up arrangements to avoid additional fees, and judgment or wage garnishment." The letter is signed by "Suzanne Pederson, LA" with the words "Staff Paralegal" under the name.

35.   The September letter violates the FDCPA because it deceptively threatens the collection of additional fees not authorized by the agreement creating the debt or permitted by law.

36.   The September letter sent by Defendant NAS and Defendant Pederson is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

37.   Defendant NAS and Defendant Pederson engaged in the unauthorized practice of law in violation of the aforementioned Nebraska Court Rules by giving or attempting to give legal advice to Plaintiff regarding judgment or wage garnishment.

38.   The September letter, sent by Defendant NAS and Defendant Pederson is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), and1692f, amongst others.

39.   The September letter, sent by Defendant NAS and Defendant Pederson gives the false or misleading representation that is comes from an attorney by using the language mentioned in paragraph 32 along with the title "Staff Paralegal" under Defendant Pederson's name.

40.   The September letter, sent by Defendant NAS and Defendant Pederson is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e, 1692e(3), 1692e(10), and1692f, amongst others.

### Summary

41.   The September letter violates the FDCPA by deceptively and falsely threatening to collect additional fees not authorized by the agreement creating the debt or permitted by law. The September letter is a violation of Nebraska law in that Defendant Pederson in writing and sending it to Plaintiff was engaged in the unauthorized practice of law, which in itself is a violation of the FDCPA. Finally the September letter violates the FDCPA because it falsely gives the impression that it comes from an attorney.

### *Fourth Collection Attempt by Defendant NAS and Defendant Underwood In Violation of the FDCPA*

42.   On September 12, 2011, Plaintiff went to the offices of Skin Specialists, the original creditor and paid them $673.00, which was payment in full of the debt. This was also within the time frame stated in the September letter, by which Plaintiff was to avoid "judgment or wage garnishment".

43.   Plaintiff called the number listed on the September letter on September 13, 2011 and spoke with a representative of Defendant NAS, telling them that he did not owe Defendant NAS nor Skin Specialists any money.

## Commencement of Malicious Prosecution by Defendant NAS and Defendant Underwood

44.     Defendant Underwood, on behalf of Defendant NAS, filed a Complaint against Plaintiff in the County Court of Douglas County, Nebraska on September 13, 2011. Said Complaint alleged that Plaintiff was indebted to Defendant NAS in the amount of $672.98 and that Defendant NAS was entitled to attorney fees. Said Complaint also requested pre-judgment interest in the amount of $47.10.

### False and Deceptive Actions Relating to the September Letter

45.     By filing a lawsuit against Plaintiff prior to the deadline mentioned in the September letter, Defendant Underwood and Defendant NAS engaged in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff with the collection of the underlying debt. These actions are in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) amongst others.

### Violation of the FDCPA Within the Complaint

46.     Because Plaintiff had paid the original creditor in full and notified Defendant NAS within the time frame stated in the September letter, Defendant Underwood and Defendant NAS also used false, deceptive and misleading representations in the aforementioned Complaint, which were in connection with the collection of the underlying debt.

47.     Not only did the aforementioned Complaint incorrectly state that Plaintiff owed Defendant NAS money it also improperly alleged that Defendant NAS was entitled

-10-

to attorney fees and prayed for pre-judgment interest. Under Nebraska law attorney fees are not allowed unless specific circumstances are met which was not the case in this instance. Likewise no amount is owed for pre-judgment interest for an unliquidated claim unless specific circumstances are met, which was not the case in this instance.

48.     Such mischaracterization of the amount owed as well as such requests for amounts incidental to the principal obligation, which are not expressly authorized by the agreement creating the debt or allowed by law, are in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) amongst others.

**Malicious Prosecution and Abuse of Process By Defendant NAS and Defendant Underwood**

49.     By filing a lawsuit against Plaintiff prior to the deadline mentioned in the September letter and after Plaintiff not only paid the original creditor in full but notified Defendant NAS <u>within the timeframe stated in the September letter</u>, Defendant Underwood and Defendant NAS acted with malice against Plaintiff.

**<u>Abuse of Process by Defendant Underwood and Defendant NAS</u>**

50.     Along with the Complaint, Defendant Underwood filed a Praecipe For Summons electing personal service upon Plaintiff which stated Plaintiff's correct address and where Plaintiff resided at all times relevant. Said personal service was requested to be made by "Douglas County Constable Jasa" (hereinafter "Jasa").

51.    Plaintiff is informed and believes and therefore alleges that Jasa attempted to personally serve Plaintiff but was unable to do so. Plaintiff further alleges that on or about September 21, 2011, Jasa filed with the Douglas County Court of Nebraska a "Service Return" indicating that "the address was verified as a 'Good Home Address'. Need motion to leave. Verified with landlord".

52.    On October 6, 2011 a representative of Defendant NAS called Plaintiff, but did not leave a message. Seeing that a representative of Defendant NAS had called him, Plaintiff called Defendant NAS back that same day and spoke with an individual who represented himself as "Joe Swanson" (hereinafter "Swanson"). Plaintiff told Swanson that Plaintiff had paid Skin Specialists in full and he further informed Swanson that he expected any negative information on his credit report to be removed. Swanson told Plaintiff that he would check with Skin Specialists and if the debt was paid in full he would ensure that any negative entries related to Skin Specialists were corrected.

53.    Swanson called Plaintiff back the same day (October 6, 2011) and told Plaintiff that he corroborated with Skin Specialists that the debt was paid in full but that no corrections to Plaintiff's credit report regarding Skin Specialists would be undertaken.

54.    Defendant Underwood, despite the certification of Jasa that the address of Plaintiff was correct and despite the fact that an employee of Defendant NAS corroborated that the underlying debt was paid in full, filed a Praecipe for Alias Summons on October 6, 2011. Along with the Praecipe, Defendant Underwood filed a sworn

Affidavit stating that "The Plaintiff(s) show(s) and affirm(s) to the Court that the **Defendant(s) cannot be served by reasonable diligence** by one of the following methods of service: Personal service, residence service or **certified mail service** and as a result moves the Court to allow the use of an alternate method of service as provided by statute". (emphasis added). As a result, the Douglas County Court ordered that service was to be made by, "leaving the process at the Defendant's usual place of residence and mailing a copy by first-class mail to the defendant's [Plaintiff's] last-known address".

55. On October 11, 2011, Defendant Underwood filed a similar Praecipe for Alias Summons which included another Affidavit stating the same sworn statement as that described in the previous paragraph.

56. The actions of Defendant Underwood were in violation of Neb. Rev. Stat. Sec. 25-517.02 which allow service by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail <u>only upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute</u>. "Any other method provided by statute" includes certified mail service, as provided by Neb. Rev. Stat. Sec. 25-505.01.

57. Plaintiff alleges that Defendant Underwood had Plaintiff's correct mail address which was confirmed by Constable Jasa and that Defendant Underwood could easily have served Plaintiff by utilizing certified mail service as required by law.

58. As a consequence of the false affidavits filed by Defendant Underwood the Nebraska County Court of Douglas County Ordered on October 12, 2011 and October 13,

2011, that service was to be made on Plaintiff "by leaving the process at the [Plaintiff's] usual place of residence and mailing a copy by first-class mail to the [plaintiff's] last-known address."

59.    As a consequence of the aforementioned order, a copy of the Complaint and Summons was taped to a public area of Plaintiff's apartment complex on two occasions in October 2011. The Summons and Complaint were taped to the door in such a way that anyone who looked at it could see she caption "National Account Systems of Omaha, v. Timothy Pratt", along with the caption "SUMMONS". As a consequence of this public notice that Plaintiff was being sued, Plaintiff was humiliated, depressed, and experienced anger, frustration and anxiety.

60.    Based on the foregoing allegations it can reasonably be inferred that Defendant NAS and Defendant Underwood had an ulterior purpose in moving the Douglas County Court for service by leaving the process at Plaintiff's residence in a public place; namely to humiliate, frustrate and cause undue embarrassment to Plaintiff.

**<u>Dismissal With Prejudice of State Court Lawsuit</u>**

61.    On November 18, 2011 Plaintiff's counsel notified Defendant Underwood that the Complaint was without merit based on Plaintiff's payment to Skin Specialists of the full amount owed them. On November 22, 2011 Defendant Underwood, on behalf of Defendant NAS filed a motion in the County Court of Douglas County Nebraska that the Complaint be dismissed. The Court dismissed the Complaint with prejudice on November 29, 2011.

62.  As a direct and proximate result of Defendant Underwood filing on behalf of Defendant NAS a meritless state court lawsuit against Plaintiff, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, sadness, depression and fear, among other negative emotions, as well as the time and expense of hiring legal counsel to represent him in dismissing said lawsuit.

## TRIAL BY JURY

63.  Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § et seq.

64.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.  The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

66.  As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II

## NEBRASKA CONSUMER PROTECTION ACT

67.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68.   That the practices of Defendant Puppchen, Defendant NAS and Defendant Pederson, described above, are standardized practices which constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 *et seq*. Therefore, prosecuting this claim is in the public interest.

69.   That the acts of Defendant Puppchen, Defendant NAS and Defendant Pederson, set forth above, constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 *et seq*. and entitles Plaintiff to statutory and actual damages, attorney fees and costs.

## COUNT II.

## MACLICIOUS PROSECUTION

70.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.   Defendants Underwood and NAS instigated an unjustifiable and unreasonable civil action upon Plaintiff.

72.   The state court lawsuit brought by Defendants NAS and Underwood against Plaintiff was without probably cause and had no reasonable grounds on which to base a belief that the plaintiff therein would prevail on the merits.

-16-

73.  The state court lawsuit brought by Defendants NAS and Underwood against Plaintiff was instituted and prosecuted with malicious intent.

74.  The state court lawsuit brought by Defendants NAS and Underwood against Plaintiff was ultimately terminated in favor of the Plaintiff.

75.  Plaintiff is entitled to actual and compensatory damages from Defendants NAS and Underwood for willfully initiating and continuing a wrongful civil action against him and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

## COUNT III

## ABUSE OF PROCESS

76.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77.  Defendants NAS and Underwood had an ulterior purpose in serving process on Plaintiff by leaving it at his residence, namely to humiliate, annoy and cause emotional distress to Plaintiff.

78.  Defendants NAS and Underwood took actions that were not proper in the regular prosecution of the proceeding to serve process on Plaintiff.

79.  Plaintiff is entitled to actual and compensatory damages from Defendants NAS and Underwood for willfully and maliciously abusing the service of process of Plaintiff in the state court lawsuit and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION ACT

## Neb. Rev. Stat. § 59-1609 et seq.

- for an award of statutory damages pursuant to Neb. Rev. Stat. § 59-1609;

- for an award of actual and general damages to the Plaintiff pursuant to Neb. Rev. Stat. § 59-1609;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Neb. Rev. Stat. § 59-1609;

- for an injunction enjoining Defendants from committing future violations;

- for such additional relief as the Court may find to be just and proper;


## COUNT III.

## ABUSE OF PROCESS

- for an award of actual and compensatory damages against Defendants NAS, and Underwood for Plaintiff's emotional distress suffered as a result of the FDCPA violations and abuse of process in an amount to be determined at trial; and,

- for such other and further relief as may be just and proper.


## COUNT IV.

## MALICIOUS PROSECUTION

- for an award of actual and compensatory damages against Defendants NAS and Underwood for Plaintiff's emotional distress suffered as a result of the FDCPA violations and malicious prosecution in an amount to be determined at trial; and,

- for such other and further relief as may be just and proper.

Dated: January 17, 2012

Timothy Pratt, Plaintiff

By: /s/ Burke Smith
    Burke Smith, #19883
    Burke Smith Law
    10730 Pacific Street, Ste. 213
    Omaha, NE 68114
    Tel. (402) 718-8865
    Fax (402) 218-4392
    burke@burkesmithlaw.com

Pamela A. Car #18770
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick St. #105
Omaha, NE 68124
Tel. (402) 391-8484
Fax  (402) 391-1103
pacar@cox.net

ATTORNEYS FOR PLAINTIFF

## <u>VERIFICATION OF COMPLAINT BY PLAINTIFF</u>

STATE OF NEBRASKA   )
           ) ss
COUNTY OF DOUGLAS   )

I, Timothy Pratt, under penalty of perjury, state the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


<u>January 16, 2012</u>         <u>/s/ Timothy Pratt</u>
Date               Timothy Pratt